IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICIA A. BETZINGER and
STEVEN M. BETZINGER                                                                PLAINTIFF

V.                                            4:24CV01056 JM

U.S. BANK N.A. as Trustee for Manufactured
Housing Senior Subordinate Pass-Through
Certificate Trust 1997-3 and its services                                          DEFENDANT

## ORDER

Plaintiffs have filed a pro se Complaint and Request for Emergency Injunction, motion for appointment of counsel, and for leave to proceed in forma pauperis. According to the Complaint, Plaintiffs request an emergency stay of eviction from their home which was foreclosed upon by Defendant in 2017. They claim constitutional violations of lack of due process and violation of the Takings Clause as well as fraud and misrepresentation by the Defendant regarding the foreclosure procedures.

In general, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283. Plaintiffs allege that a judge granted summary judgment in favor of the Defendant in the underlying foreclosure action. Pursuant to 28 U.S.C.A. § 2283, this Court cannot grant an injunction to stay the foreclosure sale. Moreover, Plaintiff's request for emergency stay of eviction fails to show a substantial probability that the movant will prevail on the merits, suffer irreparable harm, or that an injunction would be in the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Therefore, Plaintiff's request is denied.

Moving forward, the Court will undertake the two-step screening process for in forma pauperis litigants as directed by the Eighth Circuit. *See Martin–Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must determine whether Plaintiffs are financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, the Court must determine whether the Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.* Section 1915(e)(2)(B) authorizes a district court to dismiss "at any time" an in forma pauperis complaint that is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.

In conclusion, Plaintiff's motion for emergency injunction (ECF No. 3) is DENIED.

IT IS SO ORDERED this 4th day of December, 2024.

_____
James M. Moody Jr.
United States District Judge